# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| GE COMMERCIAL DISTRIBUTION FINANCE CORPORATION, | * * * | |
| Petitioner, | * * | |
| vs. | * * | CV 210-151 |
| BRIAN H. SHAW, HOKE S. WILDER, III, and YELLOW BLUFF INVESTMENTS, LLC, | * * * * | |
| Respondents. | * | |

### ORDER

Petitioner GE Commercial Distribution Finance Corporation (CDF) filed an application for an order from this Court confirming a Consent Arbitration Award issued by the arbitrator in American Arbitration Association Case Number 30 148 Y 00459. See Dkt. No. 1. Petitioner now moves for a default judgment against Respondents Brian H. Shaw, Hoke S. Wilder, III, and Yellow Bluff Investments, LLC.

Rule 55(a) of the Federal Rules of Civil Procedure provides that entry of default and default judgment are appropriate where a defendant "has failed to plead or otherwise defend." See

1

Vision Bank v. Hill, No. 10-0333, 2011 WL 250430, at *1 (S.D. Ala. Jan. 25, 2011). Despite having been served with process in October 2010,[1] Respondents have yet to file a responsive pleading, as required under the rules of procedure. See Fed. R. Civ. P. 12(1)(A)(i)("A defendant must serve an answer [] within 21 days of being served with the summons and complaint.").

Although Petitioner is not automatically entitled to damages as a result of the default, a damage award is appropriate in this case. The Court has reviewed the consent arbitration award and finds that Petitioner has properly applied to the Court for an order confirming the award. See 9 U.S.C. § 9. The Court also concludes that because the parties have agreed to a specified sum of damages, no further findings are necessary before an award of damages.

As a result, the Motion for Default Judgment is **GRANTED**, and pursuant to the consent arbitration award, the Court awards CDF a joint and several final judgment against Brian H. Shaw, Hoke S. Wilder, III, and Yellow Bluff Investments, LLC, in the total amount of $812,455.22, which shall include all accrued interest, charges and attorney's fees and has been reduced by

---

[1] The parties agreed that service in any action to confirm the consent arbitration award would be "sufficient if forwarded by Federal Express to Respondents" at an address provided in the agreement. See Dkt. No. 1, Ex. B. Petitioner effected service through Federal Express on October 13, 2008. See Dkt. Nos. 4-6; see also Trump v. Dagostino, No. 8:09cv-2460, 2010 WL 3365342, at * 1 (M.D. Fla. Aug. 24, 2010)("Accordingly, parties generally may agree in advance to a method of service not otherwise permitted by Rule 4.").

AO 72A
(Rev. 8/82)

any allowable credits or setoffs to which the respondent may be entitled. See Dkt. No. 1, Ex. B. The Clerk of Court is directed to enter an appropriate final judgment.

**SO ORDERED**, this 21st day of April, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA